

**Michael S. Kivowitz Esq.**
Mandelbaum Barrett PC
3 Becker Farm Road, Suite 105
Roseland, New Jersey 07068
mkivowitz@mblawfirm.com
T: 973. 327.6603
F: 973.325.7467

September 14, 2023

**VIA ECF ONLY**

Honorable Jennifer L. Rochon, USDJ
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

      Re:    **Benjamin Hirsch v. Central Park West Dental Studio, PLLC**
              **Case No. 23-cv-05260 (JLR)**

Your Honor:

      Pursuant to Your Honor's Individual Rules of Practice in Civil Cases, Paragraph 1. A, Letters and Letter Motions, please accept this Letter Motion on behalf of Central Park West Dental Studio, PLLC, ("Defendant"), seeking an extension of time to file its first responsive pleading in this matter and for a First Amended Order Regarding Early Mediation and the Initial Pretrial Conference. My partner, Dennis J. Alessi, who has been representing Defendant in various matters for nearly 20 years, has had direct communications with its principals, the attorneys for Plaintiff and for Defendant's telecommunications vendor.  This Letter Motion is based on those communications.

      The Complaint – Class Action is being brought under the Telephone Consumer Protection Act, 47 U.S.C. Section 227, *et. seq.* ("TCPA") and seeks to certify a class action of plaintiffs similarly situated to the named Plaintiff.  Defendant is a one office dental practice with two dentists, both of whom we understand only practice there part-time.  Because of its limited resources to defend this matter, Defendant's office manager attempted, candidly for probably too long, to resolve this matter without benefit of legal representation and was unsuccessful.

      We understand that Plaintiff's counsel granted Defendant's office manager until tomorrow to obtain counsel and to file Defendant's first responsive pleading.  This law firm was very recently retained to represent Defendant.

      For the reasons set forth below in this Letter Motion, Defendant is seeking the following relief:

(1) An extension of time for two weeks until Friday, September 29, 2023, for Defendant to file its first responsive pleading; and

(2) A <u>First Amended Order Regarding Early Mediation and the Initial Pretrial Conference</u> which provides:

    (A) for the completion of mediation by Friday, October 27, 2023; and

    (B) for the scheduling of the initial pretrial conference at the Court's convenience after Friday, November 10, 2023. (To provide for the completion of mediation at least two weeks before the conference, as required by the Court's June 23, 2023, Order.)

Because this law firm was just recently retained by Defendant, it requires some reasonable time to consult with its client to determine its available factual and legal defenses; to consider whether to bring any third-party claims; and address this matter with the attorneys for Defendant's telecommunications vendor, which is located in Utah and does not have local counsel. We understand, from email communications with Plaintiff's lead counsel, that he consents to this extension of time.

In aid of mediation, Plaintiff's counsel, within the prior two days, has requested discovery regarding potential members of a class action. Defense counsel agrees that neither party can engage in effective mediation unless this information is provided by Defendant at this time, particularly since under the TCPA the amount of potential damages, and Plaintiff's attorney's fees, are determined by the number of violations.

However, meaningful discovery for mediation purposes would include the actual texts of the telecommunications themselves, the identity of the recipients, and whether the recipients responded to "unsubscribe." At this point, defense counsel is not aware of whether such information still exists and whether it resides with Defendant or with its telecommunications vendor.

Mr. Alessi advises that he has already had first contacts with our client and vendor's counsel for this discovery purpose. But, even assuming the vendor's cooperation in this regard, and even with due diligence, it will take some time to determine the availability of this information and to provide it in a meaningful format for the parties to proceed to mediation. Hence, Defendant's requests for the extension of the completion date for mediation and the rescheduling of the initial pretrial conference, as specified above.

Plaintiff's counsel has not agreed to these requests and, in email communications yesterday, has demanded that counsel proceed next week to begin preparation of all the required filings for the initial pretrial conference.

For the reasons set forth above, Defendant respectfully requests that the Court grant the above specified extensions of time for completing mediation and the initial pretrial conference, notwithstanding the objection of Plaintiff's counsel.

We thank the Court for its thoughtful consideration of this Letter Motion.

Respectfully submitted,

Michael S. Kivowitz Esq.

MSK:brm
(20723-004)
cc:     All Plaintiff's Counsel by ECF

The requests are GRANTED. Defendant shall respond to the Complaint by **September 29, 2023**. The Initial Pre-Trial Conference is adjourned from October 25, 2023 to **November 15, 2023 at 1:00PM.** The parties shall schedule a mediation to take place by **November 1, 2023.**

Dated:  September 15, 2023
            New York, New York

**SO ORDERED.**

**JENNIFER L. ROCHON**
**United States District Judge**