

1515 MARKET STREET, #1100
PHILADELPHIA, PENNSYLVANIA  19102
(267)587-6240

MAX S. MORGAN, ESQUIRE
max.morgan@theweitzfirm.com

December 1, 2023

Honorable Jennifer L. Rochon
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

    **Re:**    **Benjamin Hirsch v. Central Park West Dental Studio, PLLC**
            **Case No. 23-cv-05260 (JLR)**

Dear Judge Rochon:

      This firm, along with The Dann Law Firm, represents Plaintiff, Benjamin Hirsch and the putative class ("Plaintiff"), in the above referenced matter.

      Mediation through the Mediation Program for the Southern District of New York has been scheduled for January 15, 2024.  Plaintiff submits that limited discovery is required to facilitate the mediation in accordance with Section 6 of the Mediation Program Procedures.  Specifically, Plaintiff seeks Defendant's text message records (inbound and outbound) for the class period.

      Defendant engaged a third-party vendor to send text messages advertising its services to consumers.  Plaintiff received these text messages and responded "STOP," but continued to receive additional text messages from Defendant.  [*See* ECF No. 1 at ¶¶ 32-47.]  Plaintiff's telephone number was also on the National Do-Not-Call Registry at the time he received these text messages.  [*See id.* at ¶ 34.]

      It is a violation of the Telephone Consumer Protection Act ("TCPA") to send two or more text messages in a 12-month period to a consumer whose telephone number was on the National Do-Not-Call registry at the time of the text messages.  *See* 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c).  For violations of 47 C.F.R. § 64.1200(c), a consumer is entitled to up to $500 per text message.  *See* 47 U.S.C. § 227(c).  It is also a violation of the TCPA to fail to maintain an internal do-not-call list and honor opt-out requests (i.e., continue to send text messages after a consumer asks that they stop).  *See* 47 C.F.R. § 64.1200(d).  For violations of 47 C.F.R. § 64.1200(d), a consumer is entitled to up to $500 per text message.  *See* 47 C.F.R. § 227(c).  If the violations are determined to be willful or knowing, a court may discretionarily treble damages.

      In order for Plaintiff to make a class settlement demand, Plaintiff must first review the text message records and determine how many consumers were affected (i.e., how many consumers

December 1, 2023
Page 2

were on the National Do-Not-Call registry when they received Defendant's text messages and how many consumers responded "STOP" but continued to receive text messages). Plaintiff also needs to review the records to confirm the total number of text messages Plaintiff was sent to determine the amount of statutory damages Plaintiff could potentially be awarded if successful in this matter. Without this information, Plaintiff cannot meaningfully participate in the mediation.

Prior to withdrawing from the case, Defendant's prior counsel met and conferred with Defendant's vendor and obtained text message records from Defendant's vendor. Defendant's prior counsel provided these records to new counsel, Mr. Lipari.

The Parties have met and conferred by email and by telephone regarding the production of the text message records for the purpose of mediation. Defendants have raised issues regarding their production. Specifically, Mr. Lipari advised Plaintiff's counsel that the Service Agreement between Defendant and its vendor includes certain confidentiality provisions regarding the text message records. Defendant has indicated that it does not want to violate any confidentiality provisions in the Service Agreement by producing the records without a formal discovery demand or court order. It is also Defendant's position that it does not want to engage in discovery until after the parties confer under Rule 26(f) and participate in a Rule 16 Conference. Defendant also requests a Protective Order be entered in the case.

Accordingly, Plaintiff respectfully requests leave of Court to issue a limited formal discovery request to Defendant that seeks the text message records provided by Defendant's vendor. Alternatively, Plaintiff requests that the Court issue an order directing Defendant to provide the records by a certain date to facilitate the mediation between the parties. It is Plaintiff's understanding that either of these events would trigger a notice period and provide the third-party vendor with a set amount of time to raise any objections with the Court prior to production. With respect to a protective order, Plaintiff has no objection and requested that Defendant provide a draft protective order for review and comment.

Plaintiff respectfully requests that the Court schedule a telephonic conference to discuss the issues set forth herein.

Respectfully submitted,

THE WEITZ FIRM, LLC

MAX S. MORGAN, ESQUIRE

Cc: All counsel of record via ECF

The request is GRANTED in part. The parties shall appear for a discovery conference on **December 12, 2023 at 10:30 a.m.** The conference will take place by video on Microsoft Teams. Counsel will receive login credentials at the email addresses on the docket. The public listen-only line may be accessed by dialing Toll-Free Number: 877-336-1831 | Access Code: 5583342.

Dated: December 1, 2023
       New York, New York

**SO ORDERED.**

**JENNIFER L. ROCHON**
**United States District Judge**

www.TheWeitzFirm.com